UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 3:00-CR-263 (JCH) |
| ST. CLAIR BURDEN, : | |
| Defendant. : | MARCH 8, 2010 |
| : | |

**RULING RE: MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)**

On November 23, 2009, St. Clair Burden ("Burden") filed a pro se Motion to Modify the Term of his Imprisonment, pursuant to 18 U.S.C. § 3582 (hereinafter "Motion to Modify"). Burden is a federal prisoner who was sentenced by this court to 120 months imprisonment in October 2002, after he pled guilty to conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Burden was also sentenced to 180 months imprisonment in 1999 by United States District Judge Stefan R. Underhill, after he pled guilty to being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See United States v. Burden, 3:99-cr-231 (SRU) (hereinafter "1999 sentence"). Of the 120 months imprisonment imposed by this court, 60 months were to run concurrently with the 1999 sentence, and 60 months were to run consecutively to the 1999 sentence.

In his Motion, Burden claims that 18 U.S.C. § 3582 (c)(2) entitles him to a retroactive modification of his sentence, in light of "Amendment 599," which revised the Application Notes to United States Sentencing Guideline § 2K2.4. See U.S.S.G. § 2K2.4, Application Note 4. Amendment 599 states that, where a sentence under 18 U.S.C. §§ 844(h), 924(c), or 929(a) is imposed in conjunction with a sentence for an

1

underlying offense, the court should not apply an enhancement for possession, brandishing, use or discharge of a firearm when determining the sentence for the underlying offense. Id. Burden claims that the 60 months imprisonment imposed by this court running consecutively to the 1999 sentence results in improper "double counting" under Amendment 599. See Motion to Modify at 2.

The government has opposed the Motion to Modify on the ground that no modification is permitted under 18 U.S.C. § 3582(c)(2), because Amendment 599 became operative in 2000, prior to this court's imposition of the 120-month sentence. Alternatively, the government argues that the Motion to Modify must be denied because Burden was not convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a), the statutes to which Amendment 599 applies. The court agrees with both arguments.

"A district court may not generally modify a term of imprisonment once it has been imposed." Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir.2007). However, under 18 U.S.C. § 3582(c)(2), the court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2) (emphasis added). Because Amendment 599 went into effect in November 2000, nearly two years before this court sentenced Burden, 18 U.S.C. § 3582(c)(2) does not permit the court to modify Burden's sentence. See, e.g., United States v. Rittweger, 2009 WL 2223051, at *1 (S.D.N.Y. July 16, 2009) ("Because the language upon which the petitioner bases his motion for sentencing reduction was in effect prior to the date he was sentenced, he is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2)."); United

States v. Smith, 300 F. App'x 738, 739 (11th Cir.2008) ("Because Amendment 599 became effective November 1, 2000, prior to Smith's sentencing, Section 3582 does not permit a modification of Smith's sentence.") (emphasis in original); United States v. Suarez, 244 F. App'x 921, 924 (10th Cir.2007) ("All of these Amendments were operative well before his sentencing in 2002, and § 3582(c)(2) does not confer jurisdiction over challenges to a sentence based on Guidelines already in effect.") (footnote omitted).

Alternatively, the Motion to Modify must be denied because Burden was never convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a).  While Amendment 599 applies retroactively, it only impacts those convicted under those sections.  See, e.g., United States v. Mosley, 20 Fed. App'x 312, 313 (6th Cir. 2001) ("Amendment 599 . . . provided for certain changes to the commentary for USSG § 2K2.4. Section 2K2.4 impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). However, Mosley was not convicted under any of these statutes."). Here, Burden was never convicted under any of the statutes to which Amendment 599 applies.

For the foregoing reasons, Burden's Motion to Modify the Terms of his Imprisonment (Doc. No. 2014) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 8th day of March, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge